

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

FEB - 6 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
_____ DEPUTY CLERK

Lester N. Jenkins          )
                           )
        Plaintiff          )          CASE NO.
                           )
                           )          COMPLAINT
vs.                        )          JURY TRIAL DEMAND
                           )
Frederick J. Hanna & Associates, P.C.,  )
Law Offices of Harris Zide, and         )          2:08 - CV - 276   LKK   EFB   PS
John and Jane Does 1 – 10               )
                           )
        Defendants         )
_____)

## COMPLAINT

### PRELIMINARY STATEMENT AND INTRODUCTION

1.    This petition is an action for statutory and actual damages brought by an
      individual consumer, Lester N. Jenkins ("Plaintiff"), against Frederick J. Hanna &
      Associates, P.C., Law Offices of Harris Zide, and John and Jane Does 1 – 10
      ("Defendants") for violations of the Fair Debt Collection Practices Act 15 U.S.C. §
      1692, *et. seq*. ("FDCPA") and the Fair Credit Reporting Act 15 U.S.C. § 1681, *et
      seq*. ("FCRA"); for injunctive relief and for declaratory relief. This petition is also
      an action for statutory and actual damages under the California Unfair Business
      Practices Act, California Business & Professional Code § 17200, *et seq*. which
      are brought under the Court's pendent and supplemental jurisdiction. Plaintiff
      brings this action against the above named Defendants both jointly and severally
      based on their violations of said Acts.

### JURISDICTION / VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. Sec. 1692k(d) and 28 U.S.C.
      Sec's 1331 and 1337(a). Declaratory relief is available pursuant to 28 U.S.C.
      Sec's 2201.1 and 2202. The doctrine of pendent and supplemental jurisdiction is
      proper under 28 U.S.C. Sec. 1367.

3.    Venue is proper in this District as Defendants transact business here and the
      communications as well as the conduct of Defendants upon which this complaint
      is based occurred here.

Complaint w/ PJ...
ad.ts

# 6

## PARTIES

4. The Plaintiff, Lester N. Jenkins, is a natural person, and was, at all times relevant hereto, a resident and citizen of the State of California. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a person as that term is defined under Bus & Prof. Code § 17201.

5. Defendant, Frederick J. Hanna & Associates, P.C, is a law firm engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and a person as that term is defined under Bus & Prof. Code § 17201, engaged in the business of collecting debts in this State where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant may be served at its principal place of business located at 1655 Enterprise Way, Marietta, GA 30067.

6. Defendant, Law Offices of Harris Zide, is a law firm engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and a person as that term is defined under Bus & Prof. Code § 17201, engaged in the business of collecting debts in this State where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant may be served at its principal place of business located at 1445 Huntington Drive, Suite 300, South Pasadena, CA 91030.

7. Defendants, John Does 1 – 10, are all natural persons, corporations, parties, or enterprises employed by Defendants as debt collectors as that term is defined by 15 U.S.C. §1692a(6), and are involved in the instant matter. Said Defendants are currently unknown to Plaintiff. Said Defendants and entities will be joined as necessary parties upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

## FACTUAL ALLEGATIONS

8. Sometime prior to 2004, Plaintiff incurred an alleged financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Bank of America credit card, in the approximate amount of $4,828.07, which was allegedly used by Plaintiff to make personal purchases of food, clothing, and shelter-related items.

2

9. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

10. On or about October 27, 2006, Plaintiff sent a billing error notice, as that term is defined under 15 U.S.C. § 1666(a), to the original creditor, disputing the alleged debt and requesting clarification of transaction details and omitted material disclosures that affect the finance charge, penalty rate, and annual percentage rate on multiple periodic statements. See Exhibit ___ attached hereto and incorporated as if fully stated herein.

11. The original creditor never provided verification or validation of the alleged debt or responded in any way to Plaintiff's billing error notice and dispute.

12. Despite the fact that the original creditor had not responded to a valid billing error notice and dispute, on or about November 16, 2006, Defendant **Frederick J. Hanna & Associates, P.C** (hereinafter "FJHPC"), caused to be sent to Plaintiff an initial communication in an attempt to collect this alleged debt in the form of a collection letter in violation of 15 U.S.C. Sec's 1692g, *et seq*. and 1692g(b). See Exhibit ___ attached hereto and incorporated as if fully stated herein.

13. In response to this collection letter, on or about December 22, 2006, Plaintiff sent a notice disputing the alleged debt and demanding verification and validation of said debt pursuant to 15 U.S.C. § 1692 *et seq*., (see Exhibit ___ attached hereto and incorporated as if fully stated herein).

14. Defendant, **FJHPC**, failed to provide verification and validation of the alleged debt in violation of 15 U.S.C. Sec. 1692g, *et seq*.

15. Despite the fact that the original creditor, Bank of America, and **FJHPC** had not responded to Plaintiff's valid billing error notices and disputes, Defendant, **Law Offices of Harris & Zide** (hereinafter "LOHZ"), caused to be sent to Plaintiff, on or about March 26, 2007, an initial communication in an attempt to collect this alleged debt in the form of a collection letter in violation of 15 U.S.C. Sec's 1692g, *et seq*. and 1692g(b). See Exhibit ___ attached hereto and incorporated as if fully stated herein.

16. In response to this collection letter, Plaintiff sent, on or about March 30, 2007, a notice disputing the alleged debt and demanding verification and validation of said alleged debt pursuant to 15 U.S.C. § 1692, *et seq*., (see Exhibit ___ attached hereto and incorporated as if fully stated herein).

17. Defendant, LOHZ, failed to provide verification and validation of the alleged debt in violation of 15 U.S.C. Sec. 1692g, *et seq.*

18. Despite Plaintiff having previously disputed this debt in writing to the original creditor and to the Defendants, **FJHPC** and **LOHZ,** and despite the original creditor and the Defendants, FJHPC and LOHZ, having failed to provide verification and validation of the debt, Defendant, LOHZ, subsequently filed a civil complaint in the name of an alleged creditor on or about May 10, 2007 seeking payment from Plaintiff in the amount of $4,828.07. See Exhibit ___ attached hereto and incorporated as if fully stated herein.

19. Defendant, **LOHZ,** has continued to pursue collection activity on the alleged debt and has initiated a judicial proceeding wherein they have willfully and materially failed to disclose that they are attempting to collect an amount that was disputed to their alleged creditor client, Bank of America, in violation of the Fair Credit Billing Act. In addition, Defendant has also failed to report to any third party credit reporting agency ("CRA") that the alleged debt is disputed.

20. Defendants, **FJHPC** and **LOHZ,** have a duty to comply with these limitations and restrictions on the reporting of disputed amounts to the state court and to any CRA. Defendants' failure to so comply is contrary to federal and state credit statutes.

21. During the discovery phase of the California judicial proceeding, Plaintiff demanded that Defendant **LOHZ** provide validation and verification of the alleged debt through, *inter alia,* the production of an original contract bearing Plaintiff's original signature and various additional documents consistent with California Rules of Evidence and Rules of Civil Procedure. However, the alleged original creditor, Bank of America, yet Defendant LOHZ has refused to produce said documents. See Exhibit ___ attached hereto and incorporated as if fully stated herein.

22. Defendant **LOHZ** knew or should have known that their alleged client, Bank of America, is unable to achieve standing, unable to produce competent evidence to support a claim, unable to produce a written credit agreement bearing Plaintiff's *bona fide* signature, and is unauthorized to do business in California.

23. Defendant's actions, omissions, misrepresentations, violations and inability to produce material disclosures and competent evidence of the alleged debt as alleged herein have constituted harassment which has resulted in the negligent and

4

intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will, in the future, continue to suffer. .

## SUMMARY

24.   Defendant, LOHZ's, harassment of  Plaintiff in an effort to collect the alleged debt   violates numerous and multiple provisions of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692d, 1692d(2), 1692e, 1692e(2), 1692e(5), 1692e(8) 1692e(10), 1692f, and 1692g(b) amongst others, and constitutes   an invasion of Plaintiff's  privacy by an intrusion upon his  seclusion.

## CAUSES OF ACTION
## FIRST CLAIM
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

25. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 - 24 above as if fully stated herein.

26. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, *et seq.*

27. Defendants attempted to collect a consumer debt allegedly owed by Plaintiff for transactions and purchases for Plaintiff's personal, family, and household purposes.

28.   Defendants undertook the foregoing acts and/or omissions willfully, persistently, intentionally, knowingly, and discriminately as part of their routine debt collection business and/or in gross or reckless disregard of the rights of the Plaintiff.

29. As a result of Defendants' actions, omissions, and violations, Plaintiff is entitled to statutory damages, actual damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter all pursuant to 15 U.S. C. Sec. 1692k, *et seq.,* and civil liability pursuant to the California Unfair Business Practices Act: Bus. & Pro. Code Sec. 17200, *et seq.*

## SECOND CLAIM

## VIOLATIONS OF THE CALIFORNIA UNFAIR BUSINESS PRACTICES  ACT: Bus. & Prof. Code § 17200 *et seq.*

30. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 - 24 above as if generally and specifically stated herein.

31. The conduct described in paragraphs 1 - 24 is specifically and generally unfair, deceptive, oppressive, unconscionable, and contrary to public policy and generally recognized standards applicable to responsible and lawful consumer credit protection practices.

32. The California Unfair Business Practices Act, Bus. & Prof. Code § 17200 provides that it is unlawful for any person to use any unlawful, unfair or fraudulent act or practice within this state.

**33.** Defendants' unfair methods and deceit as set forth above make them liable to Plaintiff under California Unfair Business Practices Act, Bus. & Prof. Code § 17202.

## DECLARATORY AND INJUNCTIVE RELIEF

34. Plaintiff repeats, re-alleges and incorporates by reference each paragraph 1- 33 above as if fully stated herein.

35. There exists a dispute over whether Defendants have violated the FDCPA, the FCRA, and California Unfair Business Practices Act, Bus. & Prof. Code § 17200, *et seq.*

36. Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination that Defendants violated the FDCPA, the FCRA, and California Unfair Business Practices Act, Bus. & Prof. Code § 17200, *et seq.* and Plaintiff similarly is entitled to an order enjoining said acts.

37. As a result of Defendants' actions, omissions, and violations, Plaintiff is entitled to statutory damages, actual damages, reasonable attorney's fees, and all costs for time lost at work and time spent litigating this matter.

38. Defendant's actions, omissions, and violations as alleged herein negligently and intentionally inflicted  mental and emotional distress upon the Plaintiff, proximately caused  Plaintiff to suffer great mental distress, mental and physical

pain, embarrassment and humiliation, which Plaintiff will, in the future, continue to suffer.

## JURY DEMAND

39. Plaintiff is entitled to and hereby demands that this cause be tried by a jury. U.S. Const. Amend. 7.Fed. R. Civ. Pro. 38.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and every Defendant by this Court for the following:

1.      Injunctive and corresponding declaratory relief declaring   Defendants' foregoing conduct to be unlawful, enjoining Defendants from continuing to engage in said conduct, and granting such additional equitable relief as may be appropriate

2.      Award Plaintiff actual damages.

3.      Award Plaintiff punitive damages.

4.      Award Plaintiff federal and state statutory damages.

5.      Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment as  determined at trial.

6.      Award Plaintiff reasonable attorney's fees and costs of this litigation.

8.      Grant such other and further relief as this Honorable Court deems equitable, just and proper.

Dated:

Respectfully submitted,

Lester N. Jenkins

## VERIFICATION

I, Lester N. Jenkins hereby certify that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

Lester N. Jenkins
1215 San Simeon Drive
Roseville, CA 95661

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing COMPLAINT; JURY
TRIAL DEMAND and supporting documents and instruments were served to the clerk of
the UNITED STATES DISTRICT COURT FOR THE EASTERN DIVISION OF
CALIFORNIA and upon each of the parties or, when represented, upon their attorney of
record, by fax, by personal delivery, or by depositing such copy enclosed in a postpaid
envelope in an official depository under the exclusive care and custody of the United
States Postal Service, CERTIFIED MAIL RETURN RECEIPT addressed as follows:

Frederick J. Hanna & Associates, P.C.
1655 Enterprise Way
Marietta, GA 30067

Law Offices of Harris Zide
1445 Huntington Drive
Suite 300
South Pasadena, CA 91030

I further affirm that the foregoing statements made by me are true to the best of my
knowledge and belief and that if any are willfully false, I am subject to penalty.

Lester N. Jenkins

PLD-C-001

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
FLINT C. ZIDE
LAW OFFICE OF HARRIS & ZIDE
STATE BAR NO. 160369
1445 HUNTINGTON DRIVE, SUITE 300
SOUTH PASADENA, CA 91030
TELEPHONE NO: 626-799-8444     FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER**
STREET ADDRESS: 101 MAPLE ST.
MAILING ADDRESS:
CITY AND ZIP CODE: AUBURN, CA 95603-5012
BRANCH NAME: AUBURN COURTHOUSE, LIMITED CIVIL CASE

PLAINTIFF: BANK OF AMERICA, N.A. (USA)

DEFENDANT: LESTER N JENKINS

[X] DOES 1 TO  5, INCLUSIVE

**FOR COURT USE ONLY**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

MAY 1 0 2007

JOHN MENDES
EXECUTIVE OFFICER & CLERK
By P. Bohnet, Deputy

**CONTRACT**

[X] **COMPLAINT**     [ ] **AMENDED COMPLAINT** *(Number):*

[ ] **CROSS-COMPLAINT**   [ ] **AMENDED CROSS-COMPLAINT** *(Number):*

**Jurisdiction** *(check all that apply):*
[X] **ACTION IS A LIMITED CIVIL CASE**
   Amount demanded  [X] does not exceed $10,000
              [ ] exceeds $10,000, but does not exceed $25,000
[ ] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint
      [ ] from limited to unlimited
      [ ] from unlimited to limited

**CASE NUMBER:**

**MCV  27261**

1. Plaintiff* *(name or names):* BANK OF AMERICA, N.A. (USA)

   alleges causes of action against defendant* *(name or names):* LESTER N JENKINS

2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. a. Each plaintiff named above is a competent adult
      [X] except plaintiff *(name):* BANK OF AMERICA, N.A. (USA)

      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [X] other *(specify):* A NATIONAL BANK

   b. [ ] Plaintiff *(name):*
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

      b. [ ] has complied with all licensing requirements as a licensed *(specify):*

   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
      [ ] except defendant *(name):*                    [ ] except defendant *(name):*

      (1) [ ] a business organization, form unknown     (1) [ ] a business organization, form unknown
      (2) [ ] a corporation                             (2) [ ] a corporation
      (3) [ ] an unincorporated entity *(describe):*     (3) [ ] an unincorporated entity *(describe):*

      (4) [ ] a public entity *(describe):*              (4) [ ] a public entity *(describe):*

      (5) [ ] other *(specify):*                         (5) [ ] other *(specify):*

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Legal
Solutions
Plus

Code of Civil Procedure, § 425.12

Complaint BoA

# 7

PLD-C-001(2)

| SHORT TITLE: BANK OF AMERICA    VS    LESTER N JENKINS | CASE NUMBER: |
|---|---|

FIRST _____          CAUSE OF ACTION—Common Counts
   *(number)*

ATTACHMENT TO  [X] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):*  BANK OF AMERICA,N.A. (USA)

    alleges that defendant *(name):*  LESTER N JENKINS

    became indebted to  [X] plaintiff   [ ] other *(name):*

    a. [X] within the last four years
       (1) [X] on an open book account for money due.
       (2) [ ] because an account was stated in writing by and between plaintiff and defendant in which it
             was agreed that defendant was indebted to plaintiff.

    b. [X] within the last [ ] two years [X] four years
       (1) [X] for money had and received by defendant for the use and benefit of plaintiff.
       (2) [ ] for work, labor, services and materials rendered at the special instance and request of defendant
             and for which defendant promised to pay plaintiff
             [ ] the sum of $
             [ ] the reasonable value.
       (3) [ ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant
             promised to pay plaintiff
             [ ] the sum of $
             [ ] the reasonable value.
       (4) [ ] for money lent by plaintiff to defendant at defendant's request.
       (5) [ ] for money paid, laid out, and expended to or for defendant at defendant's special instance and
             request.
       (6) [ ] other *(specify):*

CC-2. $ _____ , which is the reasonable value, is due and unpaid despite plaintiff's demand,
    plus prejudgment interest [ ] according to proof [ ] at the rate of _____ percent per year
    from *(date):*

CC-3. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
    [ ] of $
    [X] according to proof.

CC-4. [X] Other: $4828.07 which is the fixed and agreed ammount, is due and unpaid
    despite plaintiff's demand plus prejudgment interest at the rate of
    ten(10.00) percent per year from 09/19/06.

Page THREE
Page 1 of 1

1

2                        DECLARATION OF JURISDICTIONAL FACTS

3          The undersigned declares that he is authorized to make this

4      declaration for and on behalf of the plaintiff herein.   The above

5      entitled action is not subject to the provisions of Civil Code

6      Section 1812.10 or Civil Code Section 2984.4.   Pursuant to Civil

7      Procedure Sections 395 and 396(a), the above entitled court is the

8      proper court for the trial of the above entitled action because:

9

10     [X]       One of the defendants resided with in the jurisdiction of

11     the above entitled court at the commencement of this action.

12

13     [  ]       Goods  or  services  or  loans  were  provided  within  the

14     jurisdiction of the above entitled court.

15          I declare under penalty of perjury under the Laws of the State

16     of California that the foregoing is true and correct.

17

18     Executed April 9, 2007, at South Pasadena, California.

19

20

21                                  _____

22                                         FLINT C. ZIDE

23

24

25

26

27

28                        DECLARATION OF JURISDICTIONAL FACTS

                                        1

FI-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and Address):* | FOR COURT USE ONLY |
|---|---|
| SCOTT G. GREENE, SBN 249094<br>LAW OFFICES OF HARRIS & ZIDE, L.L.P.<br>1445 HUNTINGTON DRIVE, SUITE 300<br><br>SOUTH PASADENA, CA 91030<br>TELEPHONE NO: 626/799-8444    FAX NO. *(Optional):* 626/799-8419<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* PLAINTIFF BANK OF AMERICA | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER
STREET ADDRESS: 101 Maple Street
MAILING ADDRESS:
CITY AND ZIP CODE: Auburn CA 95603
BRANCH NAME: AUBURN BRANCH - LIMITED CIVIL

SHORT TITLE: BANK OF AMERICA vs. LESTER N JENKINS

| **REQUEST FOR ADMISSIONS**<br>[X] Truth of Facts        [ ] Genuineness of Documents<br>Requesting Party: BANK OF AMERICA<br>Responding Party: LESTER N JENKINS<br>Set No: ONE | CASE NUMBER:<br>MCV27261 |
|---|---|

You are requested to admit within thirty days after service of this *Request for Admissions* that *ADMITTED Account is in default, dispute has been ignored.*

1. [X] each of the following facts is true *(number each fact consecutively):*

1. That you opened a credit card account with BANK OF AMERICA. *[handwritten]*
2. That you were provided with a document that set forth the terms of the credit card agreement between you and plaintiff. *Plaintiff has no agreement*
3. That you purchased goods and services with the credit card you obtained from plaintiff pursuant to the credit card agreement. *Please see #1.*
4. That you failed to make all prescribed payments on the credit card account as they became due. *Please see #1.*
5. That you have not made a payment on the account since 09/19/06. *Please see #1*
6. That you never closed your credit card account. *Please see #1    Dispute has been*
7. That you owe the principal sum of $5487.88. *DENIED. Act is in dispute. ignored*
8. That plaintiff provided you with billing statements for the sums owed on the credit card. *Please see #1.*

    [X] Continued on Attachment 1

2. [ ] the original of each of the following documents, copies of which are attached, is genuine *(number each document consecutively):*

[ ] Continued on Attachment 2.

SCOTT G. GREENE
(TYPE OR PRINT NAME)                                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY)

Form Approved by the
Judicial Council of California
FI-100 [Rev. January 1, 2008]

**REQUEST FOR ADMISSIONS**

Legal
Solutions
Plus

Code Civil Procedure,
§§ 2033.010-2033.420, 2033.710

*[handwritten]* DEF REQUEST FOR ADMISSION
#8

SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER

BANK OF AMERICA )

    PLAINTIFF, )

v. )    **Case No.: MCV 27281**

LESTER N. JENKINS )

    DEFENDANT. )

## NOTICE OF FILING

Please take Notice that on the 6th day of July, 2007, there was filed with the Clerk of the Superior Court of California, County of Placer, Defendant's Requests for Admissions of Fact in the above-captioned matter.

BY: _[signature]_

Lester N. Jenkins
1215 San Simeon Dr.
Roseville, CA 95661
916-787-1287/mikijared@att.net

## CERTIFICATE OF SERVICE

I, Lester N. Jenkins, hereby certify that a copy of the foregoing Request for Admissions were sent to Plaintiff, by certified mail addressed to its attorney:  Flint C. Zide, 1445 Huntington Dr. Ste. #300, South Pasadena, CA 91030 on this 6th day of July, 2007.

BY: _[signature]_

Lester N. Jenkins
1215 San Simeon Dr.
Roseville, CA 95661
916-787-1287/mikijared@

**U.S. Postal Service**
**CERTIFIED MAIL   RECEIPT**
_(Domestic Mail Only; No Insurance Coverage Provided)_

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ .58 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.38 |

7006 0810 0002 7313 2837

Sent To _Harris + Zide Ste 300_
Street, Apt. No.; or PO Box No. _1445 Huntington Dr._
City, State, ZIP+4 _South Pasadena, CA 91030_

DISC-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and Address)*: | FOR COURT USE ONLY |
|---|---|
| Lester N. Jenkins<br>1215 San Simeon Dr.  Roseville, CA 95661<br>TELEPHONE NO.: 916-787-1287    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **PLACER**
STREET ADDRESS: 101 Maple Street
MAILING ADDRESS:
CITY AND ZIP CODE: Auburn, CA  95603
BRANCH NAME: Auburn Branch - Limited Civil

SHORT TITLE:
Bank of America vs. Lester N. Jenkins

| REQUEST FOR ADMISSIONS | CASE NUMBER: |
|---|---|
| ☑ Truth of Facts ☐ Genuineness of Documents<br>Requesting Party: Lester N. Jenkins<br>Responding Party: Bank of America<br>Set No.: One | MCV 27261 |

You are requested to admit within thirty days after service of this *Request for Admissions* that

1. ☑ each of the following facts is true *(number each fact consecutively)*:

   Admissions as itemized on Attachment 1, items 1 - 28, which by reference here are incorporated and made part of this whole document.

   ☑ Continued on Attachment 1

2. ☐ the original of each of the following documents, copies of which are attached, is genuine *(number each document consecutively)*:

   ☐ Continued on Attachment 2.

LESTER N. JENKINS
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 1

Form Approved by the Judicial Council of California
DISC-020 [Rev. January 1, 2007]

**REQUEST FOR ADMISSIONS**

Code Civil Procedure,
§§ 2033.010-2033.420, 2033.710
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# ATTACHMENT 1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER

BANK OF AMERICA                )

    PLAINTIFF,            )

v.                          )     Case No.: MCV 27281

LESTER N. JENKINS         )

    DEFENDANT.         )

### DEFENDANT'S FIRST REQUESTS FOR ADMISSION OF FACTS

NOTICE IS HEREBY GIVEN to the plaintiff pursuant to CCP 2033, that each of the following requests for admission must either be admitted or denied within thirty (30) days and in the manner required by the rules. Be advised that if you are the attorney for the plaintiff and you answer these questions under oath, you will be subject to cross examination and waive the attorney client privilege.

These requests for admission are directly and specifically relevant to the subject matter of the pending cause of action, as established in the allegations in plaintiff's complaint, and to defendant's specifically delineated affirmative defenses. Defendant requests that the Plaintiff answer fully and in writing each of the following Requests for Admission and serve said answers at Defendant's mailing address within thirty (30) days of the date of service. Failure to answer these requests for admissions within thirty (30) days after service shall result in their admission for the purpose of this action.

GENERAL PROCEDURE

These Requests for Admission have been served upon you. They are to be answered under oath within thirty (30) days of the date of service in the manner provided by the Civil Rules and Local Rules of the Court in which this matter is filed. These requests for admissions are continuing, and in the event you discover other information or documentation which alters, modifies, deletes, or augments the answers given now or at any time hereafter, you are to provide such information by supplemental answers.

If the response to any of these Requests for Admissions is anything other than an unqualified admission of the facts states in the request, the response shall admit each fact that is true and qualify or deny the remainder of the facts stated in the request.

All the facts forming the basis of the denial must be stated in your response. If you cannot admit or deny a fact, you must set forth in detail the reason why you cannot truthfully admit or deny the matter. A lack of information or knowledge may not be used as a response unless you have made a reasonable inquiry and the information known to you is insufficient to enable you to admit or deny the request. If objection is made to any of these requests, the reasons therefore must be specifically stated in the response. If you fail to admit the truth of any matter set forth in these requests, and if the serving party later proves the truth of the matter, you may be liable for reasonable expenses incurred in making that proof, including attorney's fees and legal costs, and other sanctions available under the rules.

## REQUESTS FOR ADMISSION

1. Admit that plaintiff and defendant did not execute a bi-lateral written contract related to the disputed account in the above-captioned cause of action.

Response:

2. Admit that plaintiff cannot produce any records showing payments to vendors for goods and services allegedly charged by defendant on the disputed account.

Response:

3. Admit that BANK OF AMERICA is in possession of an account and/or GENERAL LEDGER statement verifying through bookkeeping entries that BANK OF AMERICA has been fully paid according to the alleged contract.

Response:

4. Admit that BANK OF AMERICA is not in possession of any original or copies of credit card slips signed by Defendant.

Response:

5. Admit that BANK OF AMERICA does not have any party with personal knowledge, competent to be called as a witness that can testify under oath that Defendant agreed to any of the terms and conditions of the alleged agreement.

Response:

6. Admit that the GENERALLY ACCEPTED ACCOUNTING PRINCIPLES (GAAP), along with BANK OF AMERICA's BOOKKEEPING ENTRIES (that are related to and associated with this account) reveal the true substance of the alleged loan agreement and that Plaintiff cannot demonstrate, that as result of any alleged "extension of credit" to the Defendant; that the Plaintiff risked any of its own assets, and therefore is damaged as a result of the alleged default or breach of the alleged written agreement..

Response:

7. Admit that BANK OF AMERICA is not in possession of any original written agreements bearing Defendant's signature, wherein the Defendant agreed to the alleged terms and conditions.

Response:

8. Admit that BANK OF AMERICA cannot demonstrate that as a result of any alleged "extension of CREDIT" to the Defendant that BANK OF AMERICA suffered any LEGAL DETRIMENT as a result of the alleged default or breach of any alleged written agreement.

Response:

9. Admit that BANK OF AMERICA is not in possession of a written agreement for services between BANK OF AMERICA and FLINT C. ZIDE that authorize FLINT C. ZIDE to bring this specific action for CASE NO.: MCV 27251, or that could be produced if requested or subpoensed.

Response:

10. Admit that BANK OF AMERICA Credit Card received Defendant's written billing error disputes as that term is defined pursuant to 15 U.S.C. § 1666(a), which are attached hereto as Exhibit A.

Response:

11. Admit that BANK OF AMERICA did not respond appropriately as required by federal statute to written FAIR CREDIT BILLING ACT billing disputes made by Defendant.

Response:

12. Admit that BANK OF AMERICA has no standing to bring this instant action under C.F.R., Regulation Z, Sec. 226.13 Billing error resolution:

> d) Rules pending resolution. Until a billing error is resolved under paragraph (e) or (f) of this section, the following rules apply:

> > i. Consumer's right to withhold disputed amount; collection action prohibited. The consumer need not pay (and the creditor may not try to collect) any portion of any required payment that the consumer believes is related to the disputed amount (including related finance or other charges).[30] If the cardholder maintains a deposit account with the card issuer and has agreed to pay the credit card indebtedness by periodic deductions from the cardholder's deposit account, the card issuer shall not deduct any part of the disputed amount or related finance or other charges if a billing error notice is received any time up to 3 business days before the scheduled payment date.

> > 30 A creditor is not prohibited from taking action to collect any undisputed portion of the item or bill; from deducting any disputed amount and related finance or other charges from the consumer's credit limit on the account; or from reflecting a disputed amount and related finance or other charges on a periodic statement, provided that the creditor indicates on or with the periodic statement that payment of any disputed amount and related finance or other charges is not required pending the creditor's compliance with this section.

Response:

13. Admit that BANK OF AMERICA Credit Card did not properly respond to Defendant's billing error disputes, and they are barred from any collection attempts, including this specific action, as outlined in Regulation Z  CFR Sec. 226.13 (d)1 Billing Error Resolution.(see above)

Response:

14. Admit that the BANK OF AMERICA] agrees that Defendant cannot be required to repay this alleged debt unless the Plaintiff establishes with certainty that they

are the current owner of the account and holder of the original signed agreement, and suffered a legal detriment.

Response:

15. Admit the officers of BANK OF AMERICA know and understand that if FLINT C. ZIDE purchased or received this account in any form or manner that makes them substantive owner, that FLINT C. ZIDE is the true Plaintiff and is therefore committing an INTRINSIC FRAUD upon the court

Response:

16. Admit that FLINT C. ZIDE does not represent BANK OF AMERICA with a written power of attorney that could be produced from BANK OF AMERICA, if requested or subpoenaed.

Response:

17. Admit that FLINT C. ZIDE purchased information of this alleged debt from alleged Plaintiff in order to turn it into a judgment for collection.

Response:

18. Admit that plaintiff has charged off the disputed amount claimed on herein.

Response:

19. Admit that plaintiff has identified the amount that was charged off on the disputed account as bad debt or taken some other tax adjustment with respect to the disputed account that it has claimed on herein.

Response:

20. Admit that the plaintiff named in the caption of this cause of action never loaned money to the defendant.

Response:

21. Admit that the named plaintiff failed to disclose to the defendant the material fact that it did not loan money to the defendant.

Response:

22. Admit that the account that is the subject of this cause of action is currently in dispute.

Response:

23. Admit that plaintiff filed or issued an insurance claim related to the disputed account.

Response:

24. Admit that named plaintiff received money, credit, or some other valuable consideration in payment or settlement on an insurance claim related to the alleged default in the disputed account herein.

Response:

25. Admit that BANK OF AMERICA cannot demonstrate that as a result of any alleged "extension of CREDIT" to the Defendant that BANK OF AMERICA suffered any LEGAL DETRIMENT as a result of the alleged default or breach of any alleged written agreement.

Response:

26. Admit that BANK OF AMERICA has no witnesses with PERSONAL KNOWLEDGE of the specific allegations made in the complaint.

Response:

27. Admit that BANK OF AMERICA is not in possession of a written agreement for services between BANK OF AMERICA and plaintiff's counsel that authorize plaintiff's counsel to bring this specific action, or that could be produced if requested or subpoenaed, whether privileged or not.

Response:

28. Admit that defendant does not owe plaintiff any debt related to the account that is the basis of cause of action.

Response:

### END OF REQUESTS FOR ADMISSION

Discovery requested and demanded this 6th day of July, 2007.

Lester N. Jenkins
1215 San Simeon Dr.
Roseville, CA  95661
916-767-1287/mildjared@att.net

**VERIFICATION**

I, _____, state that I am the person chosen by plaintiff to respond to the foregoing requests for admission of facts; that I have responded to the same; that I have read the answers to same; that I have first-hand knowledge of the events and responses that I have given; and that said responses are true and correct to my knowledge, first-hand information and belief.

ANSWERS and RESPONSES dated this _____ day of _____, 20__.

_____
Witness for the Plaintiff

STATE OF _____        )
                          )        JURAT
COUNTY OF _____         )

        Subscribed and sworn to before me a notary public this __ day of _____, 2006.

_____                              [ls]
Signature of Notary

# EXHIBIT A

**CERTIFIED MAIL RECEIPT # 7006 0810 0005 8921 9042**

Bank of America
PO Box 60069
City of Industry, CA 91716-0069

October 27, 2006

**RE    NOTICE AND DEMAND FOR VALIDATION AND ADEQUATE ASSURANCE OF
PERFORMANCE – BANK OF AMERICA, ACCOUNT # 4342-4600-0014-9489**

**Dear Sir/Madame:**

I recently received your recent unsigned communication.   Please regard this letter as a formal written Notice and Demand to BANK OF AMERICA for validation and adequate assurance of performance with respect to the above listed account.

In preparation for this Notice and Demand, I have conducted a full and complete investigation into this matter, and I am of the opinion that BANK OF AMERICA may be in breach of the terms and conditions of the Credit Card Agreement, by its failure to provide either adequate and valuable consideration, or full disclosure of the material terms and conditions of the alleged original agreement, including the nature and extent of any finance charges assessed on the above account.  In addition, I have reason to believe that your company has failed to properly credit me for all revenue received by you related to this account.  In the event that the application or other evidence of this account was monetized, securitized and/or sold, please provide me with certified copies of all underlying documentation regarding said transactions.

This Notice and Demand should not be perceived as a refusal to pay any valid debt.  However, I have questions regarding the validity of the debt you are alleging in the attached billing statement, and in order to determine the validity of your presentment, and continue payment on the above-listed account, I will require certain information to confirm your claim in this matter.  To that end, please forward the attached affidavit to the appropriate person in your organization for review and execution.  Upon receipt of the signed, sworn affidavit, I will arrange for payments to resume on the above noted account.  In the event that you are unable or unwilling to provide me adequate assurance of performance on this account, please send me a billing statement or other communication indicating a zero balance due on the account.

Please restrict all communications with me regarding this matter to writing, and understand that all communications, acts or omissions may be used in litigation, including the filing of grievances and the initiation of investigations at the Federal Trade Commission and other government bodies regarding your non-compliance with the Fair Credit Reporting Act, Fair and Accurate Credit Transaction Act of 2003, and other state and federal consumer protection laws.  Your failure to respond to this Notice and Demand within thirty (30) days will be construed as a waiver of any and all claims regarding the above-listed account, and will act as a confirmation that no further action will be taken on your part with respect to the subject account.  Please also take notice that during the pendency of this dispute, no further payments will be made on the account, and the account cannot be sold, assigned, forwarded or otherwise transferred for purposes of the collection of a debt.

Respectfully,

Lester N Jenkins

## AFFIDAVIT

The undersigned Affiant, being duly sworn on oath, and under penalties of perjury, deposes, states and certifies that he/she is authorized to collect the alleged BANK OF AMERICA account # 4342-4600-0014-9489 (hereinafter "alleged account"), and has the requisite knowledge of the facts related to the alleged BANK OF AMERICA promissory note/credit card agreement.

I hereby give assurance that the original creditor and financial institution involved with the alleged extension of credit or loan to the alleged customer Lester N. Jenkins (hereinafter "alleged customer"), followed Generally Accepted Accounting Principles ("GAAP"), as required by law and as indicated by 'BANK OF AMERICA' Certified Public Accountant ("CPA") audit reports, as well as regulatory compliance reports under the Sarbanes-Oxley Act of 2002.

I give further assurance that the original lender/financial institution involved with the alleged loan or funding of charges in the amount of the Promissory Note/Credit Card Agreement did not accept, receive or deposit any money, money equivalent, note, credit or capital from the alleged customer to fund a note, check or similar instrument that was used to originate, finance or fund the charges on the alleged credit card account or Promissory Note.

I give further assurance that all material facts regarding the alleged account have been disclosed in the original alleged Credit Card Agreement or Promissory Note.

I give further assurance that the original Credit Card Agreement or Promissory Note was not altered or forged in any way.

I give further assurance that proper identification processes were followed with respect to the alleged account according to the requirements of the U.S.A. Patriot Act, and I am able to furnish certified copies of all identification documentation from the alleged customer with respect to the alleged account.

I have personal knowledge of the facts and information in this affidavit, WHEREFORE I hereby declare under penalty of perjury under the laws of the state of _____ that this affidavit is true, correct and complete and if any statements are willfully false, I am subject to penalty.

_____
Signature of Affiant

STATE OF _____ )
                     )     JURAT
COUNTY OF _____ )

Subscribed and sworn to before me a notary public this ___ of _____ 2007.

_____
Signature of Notary

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER

**BANK OF AMERICA** )
      **PLAINTIFF,** )
                       )      **Case No.: MCV 27281**
**v.** )
**LESTER N. JENKINS** )
      **DEFENDANT.** )

### NOTICE OF FILING

Please take Notice that on the 6th day of July, 2007, there was filed with the Clerk of the
Circuit Court SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER,
Defendant's Request for the Production of Documents in the above-captioned matter.

BY: _(signature)_

Lester N. Jenkins
1215 San Simeon Dr.
Roseville, CA 95661
916-787-1287/mikijared@att.net

### CERTIFICATE OF SERVICE

     I, Lester N. Jenkins hereby certify that a copy of the foregoing Request for the
Production of Documents were sent to Plaintiff, by certified mail addressed to its
attorney: Harris C. Zide, 1445 Huntington Drive, Suite 300, South Pasadena, CA 91030
on this 6th day of July, 2007.

BY: _(signature)_

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

## OFFICIAL USE

| | |
|---|---|
| Postage | $ .58 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.38 |

Sent To _Harris Zide Ste 300_
Street, Apt. No.; or PO Box No. _1445 Huntington Dr._
City, State, ZIP+4 _South Pasadena, CA 91030_

7006 0810 0002 7313 3155

☐ Express Mail
☐ Return Receipt for Merchandise
☐ C.O.D.

ery? (Extra Fee)  ☐ Yes

7313 3155

☐ Agent
☐ Addressee
C. Date of Delivery

se different from item 1?  ☐ Yes
livery address below:  ☐ No

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER**

BANK OF AMERICA                                )

    PLAINTIFF,                              )

v.                                             )          **Case No.: MCV 27281**

LESTER N. JENKINS                              )

    DEFENDANT.                              )

---

### NOTICE OF FILING

Please take Notice that on the 6th day of July, 2007, there was filed with the Clerk of the
SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER, Defendant's
Interrogatories in the above-captioned matter.

BY: _Lest N. Jak._

Lester N. Jenkins
1215 San Simeon Dr.
Roseville, CA 95661
916-787-1287/mkdjared@att.net

### CERTIFICATE OF SERVICE

    I, Lester N. Jenkins hereby certify that a copy of the foregoing Interrogatories
were sent to Plaintiff, by certified mail addressed to its attorney:  FLINT C. ZIDE, 1445
Huntington Drive, Suite 300, South Pasadena, CA 91030, on this 6th day of July, 2007.

BY: _Lest N. Jak_



DEFENDANTS
INTZANUGOTORIES
#9

DISC-004

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Lester N. Jenkins
1215 San Simeon Dr.  Roseville, CA 95661
TELEPHONE NO.: 916-787-1287
FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  PLACER
101 Maple St.  Auburn, CA  95603
Auburn Branch - Limited Civil

SHORT TITLE:
Bank of America vs. Lester N. Jenkins

FORM INTERROGATORIES—LIMITED CIVIL CASES (Economic Litigation)
Asking Party: Lester N. Jenkins
Answering Party: Bank of America
Set No.: One

CASE NUMBER:
MCV 27261

Sec. 1. Instructions to All Parties

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in economic litigation.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories, nor do they affect an answering party's right to assert any privilege or make any objection.

Sec. 2. Instructions to the Asking Party

(a) These interrogatories are designed for optional use by parties under economic litigation in limited civil cases. See Code of Civil Procedure sections 90 through 100. However, these interrogatories also may be used in unlimited civil cases.

(b) There are restrictions on discovery for most limited civil cases. These restrictions limit the number of interrogatories that may be asked. For details, read Code of Civil Procedure section 94.

(c) Some of these interrogatories are similar to questions in the Case Questionnaire for Limited Civil Cases (form DISC-010) and may be omitted if the information sought has already been provided in a completed Case Questionnaire.

(d) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing these interrogatories that apply to the case and are within the restrictions discussed above.

(e) You may insert your own definition of INCIDENT in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(f) The interrogatories in section 116.0, Defendant's Contentions - Personal Injury, should not be used until defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(g) Additional interrogatories may be attached, subject to the restrictions discussed above.

Sec. 3. Instructions to the Answering Party

(a) Subject to the restrictions discussed above, you must answer or provide another appropriate response to each interrogatory that has been checked below.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your response on the asking party and serve copies of your responses on all other parties who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straight-forward as the information reasonably available to you permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.

_____        _____
(DATE)                         (SIGNATURE)

Sec. 4. Definitions

Words in BOLDFACE CAPITALS in these interrogatories are defined as follows:

(Check one or the following):

(a) ☑ (1) INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Form Approved for Optional Use by Judicial Council
DISC-004 [Rev. January 1, 2007]

FORM INTERROGATORIES – LIMITED CIVIL CASES
(Economic Litigation)

Code of Civil Procedure, §§ 94, 2033.710–2033.740, 2030.710
American LegalNet, Inc.
www.FormsWorkflow.com

DISC-004

☑ (a) INCIDENT means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a) (2)"):*

Interrogatories as itemized in Attachment 1, items 1 - 28, which by reference here are incorporated and made a part of this whole document.

(b) YOU OR ANYONE ACTING ON YOUR BEHALF includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) PERSON includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

(d) DOCUMENT means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(e) HEALTH CARE PROVIDER includes any PERSON referred to in Code of Civil Procedure section 667.7(e)(3).

(f) ADDRESS means the street address, including the city, state, and zip code.

**Sec. 6. Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

101.0 Identity of Persons Answering These Interrogatories
102.0 General Background Information - Individual
103.0 General Background Information - Business Entity
104.0 Insurance
105.0 *[Reserved]*
106.0 Physical, Mental, or Emotional Injuries
107.0 Property Damage
108.0 Loss of Income or Earning Capacity
109.0 Other Damages
110.0 Medical History
111.0 Other Claims and Previous Claims
112.0 Investigation - General
113.0 *[Reserved]*
114.0 Statutory or Regulatory Violations
115.0 Claims and Defenses
116.0 Defendant's Contentions - Personal Injury
117.0 *[Reserved]*
120.0 How the Incident Occurred - Motor Vehicle
125.0 *[Reserved]*
130.0 *[Reserved]*
135.0 *[Reserved]*
150.0 *[Reserved]*
160.0 *[Reserved]*
170.0 *[Reserved]*

**101.0 Identity of Persons Answering These Interrogatories**

☑ 101.1 State the name, ADDRESS, telephone number, and relationship to you of each PERSON who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**102.0 General Background Information - Individual**

☐ 102.1 State your name, any other names by which you have been known, and your ADDRESS.

☐ 102.2 State the date and place of your birth.

☐ 102.3 State, as of the time of the INCIDENT, your driver's license number, the state of issuance, the expiration date, and any restrictions.

☐ 102.4 State each residence ADDRESS for the last five years and the dates you lived at each ADDRESS.

☐ 102.5 State the name, ADDRESS, and telephone number of each employer you have had over the past five years and the dates you worked for each.

☐ 102.6 Describe your work for each employer you have had over the past five years.

☐ 102.7 State the name and ADDRESS of each academic or vocational school you have attended, beginning with high school, and the dates you attended each.

☐ 102.8 If you have ever been convicted of a felony, state, for each, the offense, the date and place of conviction, and the court and case number.

☐ 102.9 State the name, ADDRESS, and telephone number of any PERSON for whom you were acting as an agent or employee at the time of the INCIDENT.

☐ 102.10 Describe any physical, emotional, or mental disability or condition that you had that may have contributed to the occurrence of the INCIDENT.

☐ 102.11 Describe the nature and quantity of any alcoholic beverage, marijuana, or other drug or medication of any kind that you used within 24 hours before the INCIDENT.

**103.0 General Background Information - Business Entity**

☑ 103.1 State your current business name and ADDRESS, type of business entity, and your title.

**104.0 Insurance**

☐ 104.1 State the name and ADDRESS of each insurance company and the policy number and policy limits of each policy that may cover you, in whole or in part, for the damages related to the INCIDENT.

**105.0 *[Reserved]***

**106.0 Physical, Mental, or Emotional Injuries**

☐ 106.1 Describe each injury or illness related to the INCIDENT.

☐ 106.2 Describe your present complaints about each injury or illness related to the INCIDENT.

☐ 106.3 State the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER who treated or examined you for each injury or illness related to the INCIDENT and the dates of treatment or examination.

DISC-004

☐ 106.4 State the type of treatment or examination given to you by each HEALTH CARE PROVIDER for each injury or illness related to the INCIDENT.

☐ 106.5 State the charges made by each HEALTH CARE PROVIDER for each injury or illness related to the INCIDENT.

☐ 106.6 State the nature and cost of each health care service related to the INCIDENT not previously listed (for example, medication, ambulance, nursing, prosthetics).

☐ 106.7 State the nature and cost of the health care services you anticipate in the future as a result of the INCIDENT.

☐ 106.8 State the name and ADDRESS of each HEALTH CARE PROVIDER who has advised you that you may need future health care services as a result of the INCIDENT.

**107.0 Property Damage**

☐ 107.1 Itemize your property damage and, for each item, state the amount or attach an itemized bill or estimate.

**108.0 Loss of Income or Earning Capacity**

☐ 108.1 State the name and ADDRESS of each employer or other source of the earnings or income you have lost as a result of the INCIDENT.

☐ 108.2 Show how you compute the earnings or income you have lost, from each employer or other source, as a result of the INCIDENT.

☐ 108.3 State the name and ADDRESS of each employer or other source of the earnings or income you expect to lose in the future as a result of the INCIDENT.

☐ 108.4 Show how you compute the earnings or income you expect to lose in the future, from each employer or other source, as the result of the INCIDENT.

**109.0 Other Damages**

☐ 109.1 Describe each other item of damage or cost that you attribute to the INCIDENT, stating the dates of occurrence and the amount.

**110.0 Medical History**

☐ 110.1 Describe and give the date of each complaint or injury, whether occurring before or after INCIDENT, that involved the same part of your body claimed to have been injured in the INCIDENT.

☐ 110.2 State the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER who examined or treated you for each injury or complaint, whether occurring before or after the INCIDENT, that involved the same part of your body claimed to have been injured in the INCIDENT and the dates of examination or treatment.

**111.0 Other Claims and Previous Claims**

☐ 111.1 Identify each personal injury claim that YOU OR ANYONE ACTING ON YOUR BEHALF have made within the past ten years and the dates.

☐ 111.2 State the case name, court, and case number of each personal injury action or claim filed by YOU OR ANYONE ACTING ON YOUR BEHALF within the past ten years.

**112.0 Investigation - General**

☑ 112.1 State the name, ADDRESS, and telephone number of each individual who has knowledge of facts relating to the INCIDENT, and specify his or her area of knowledge.

☑ 112.2 State the name, ADDRESS, and telephone number of each individual who gave a written or recorded statement relating to the INCIDENT and the date of the statement.

☑ 112.3 State the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of a written or recorded statement relating to the INCIDENT.

☑ 112.4 Identify each document or photograph that describes or depicts any place, object, or individual concerning the INCIDENT or plaintiff's injuries, or attach a copy. (If you do not attach a copy, state the name, ADDRESS, and telephone number of each PERSON who had the original document or photograph or a copy.)

☑ 112.5 Identify each other item of physical evidence that shows how the INCIDENT occurred or the nature or extent of plaintiff's injuries, and state the location of each item, and the name, ADDRESS, and telephone number of each PERSON who has it.

**113.0 [Reserved]**

**114.0 Statutory or Regulatory Violations**

☐ 114.1 If you contend that any PERSON involved in the INCIDENT violated any statute, ordinance, or regulation and that the violation was a cause of the INCIDENT, identify each PERSON and the statute, ordinance, or regulation.

**115.0 Claims and Defenses**

☑ 115.1 State in detail the facts upon which you base your claim that the PERSON asking this interrogatory is responsible for your damages.

☑ 115.2 State in detail the facts upon which you base your contention that you are not responsible, in whole or in part, for plaintiff's damages.

☑ 115.3 State the name, ADDRESS, and the telephone number of each PERSON, other than the PERSON asking this interrogatory, who is responsible, in whole or in part, for damages claimed in this action.

DISC-004

## 116.0 Defendant's Contentions – Personal Injury

*[See Instruction 2(f).]*

☐ **116.1** If you contend that any PERSON, other than you or plaintiff, contributed to the occurrence of the INCIDENT or the injuries or damages claimed by plaintiff, state the name, ADDRESS, and telephone number of each individual who has knowledge of the facts upon which you base your contention.

☐ **116.2** If you contend that plaintiff was not injured in the INCIDENT, state the name, ADDRESS, and telephone number of each individual who has knowledge of the facts upon which you base your contention.

☐ **116.3** If you contend that the injuries or the extent of the injuries claimed by plaintiff were not caused by the INCIDENT, state the name, ADDRESS, and telephone number of each individual who has knowledge of the facts upon which you base your contention.

☐ **116.4** If you contend that any of the services furnished by any HEALTH CARE PROVIDER were not related to the INCIDENT, state the name, ADDRESS, and telephone number of each individual who has knowledge of the facts upon which you base your contention.

☐ **116.5** If you contend that any of the costs of services furnished by any HEALTH CARE PROVIDER were unreasonable, identify each service that you dispute, the cost, and the HEALTH CARE PROVIDER.

☐ **116.6** If you contend that any part of the loss of earnings or income claimed by plaintiff was unreasonable, identify each part of the loss that you dispute and each source of the income or earnings.

☐ **116.7** If you contend that any of the property damage claimed by plaintiff was not caused by the INCIDENT, identify each item of property damage that you dispute.

☐ **116.8** If you contend that any of the costs of repairing the property damage claimed by plaintiff were unreasonable, identify each cost item that you dispute.

☐ **116.9** If you contend that, within the last ten years, plaintiff made a claim for personal injuries that are related to the injuries claimed in the INCIDENT, identify each related injury and the date.

☐ **116.10** If you contend that, within the past ten years, plaintiff made a claim for personal injuries that are related to the injuries claimed in the INCIDENT, state the name, court, and case number of each action filed.

## 117.0 [Reserved]

## 120.0 How the Incident Occurred – Motor Vehicle

☐ **120.1** State how the INCIDENT occurred.

☐ **120.2** For each vehicle involved in the INCIDENT, state the year, make, model, and license number.

☐ **120.3** For each vehicle involved in the INCIDENT, state the name, ADDRESS, and telephone number of the driver.

☐ **120.4** For each vehicle involved in the INCIDENT, state the name, ADDRESS, and telephone number of each occupant other than the driver.

☐ **120.5** For each vehicle involved in the INCIDENT, state the name, ADDRESS, and telephone number of each registered owner.

☐ **120.6** For each vehicle involved in the INCIDENT, state the name, ADDRESS, and telephone number of each lessee.

☐ **120.7** For each vehicle involved in the INCIDENT, state the name, ADDRESS, and telephone number of each owner other than the registered owner or lien holder.

☐ **120.8** For each vehicle involved in the INCIDENT, state the name of each owner who gave permission or consent to the driver to operate the vehicle.

## 150.0 Contract

☑ **150.1** Identify all DOCUMENTS that are part of the agreement and for each state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

☑ **150.2** State each part of the agreement not in writing, the name, ADDRESS, and telephone number of each PERSON agreeing to that provision, and the date that part of the agreement was made.

☑ **150.3** Identify all DOCUMENTS that evidence each part of the agreement not in writing, and for each state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

☑ **150.4** Identify all DOCUMENTS that are part of each modification to the agreement, and for each state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

☑ **150.5** State each modification not in writing, the date, and the name, ADDRESS, and telephone number of the PERSON agreeing to the modification, and the date the modification was made.

☑ **150.6** Identify all DOCUMENTS that evidence each modification of the agreement not in writing and for each state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

☑ **150.7** Describe and give the date of every act or omission that you claim is a breach of the agreement.

☑ **150.8** Identify each agreement excused and state why performance was excused.

☑ **150.9** Identify each agreement terminated by mutual agreement and state why it was terminated, including dates.

☑ **150.10** Identify each unenforceable agreement and state the facts upon which your answer is based.

☑ **150.11** Identify each ambiguous agreement and state the facts upon which your answer is based.

## "Sec. 4(a) (2) ")":

## ATTACHMENT 1

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER

BANK OF AMERCIA                              )

      PLAINTIFF,                           )

v.                                           )          Case No.: <u>MCV 27281</u>

LESTER N. JENKINS                            )

      DEFENDANT.                          )

---

### <u>DEFENDANT'S FIRST REQUEST FOR INTERROGATORIES</u>

Pursuant to CCP 2030, please find below defendant's first interrogatories to plaintiff which are made in good faith and are reasonably calculated to lead to relevant and admissible evidence should this case proceed to trial. All interrogatories relate to documents and information readily available to plaintiff in the normal course of business, and should not be deemed onerous in any way, nor cause the plaintiff to incur significant costs in their answer.

Plaintiff is requested to respond in writing to all interrogatories under oath within thirty (30) days after service, pursuant to CCP 2030. Plaintiff is required to furnish such information as is available to plaintiff, plaintiff's agents or officers possessing first-hand knowledge of the events or documents in question. All answers and documents provided in response to the attached interrogatories are expected to be offered as evidence. These requests for interrogatories are continuing. If plaintiff acquires additional information pertaining to these requests, plaintiff is required to serve additional and/or amended responses to defendant promptly upon their discovery.

Plaintiff shall serve the responses on or before thirty (30) days from the receipt of this request. Failure to comply will result in your answers being stricken and all objections being waived.

## DEFENDANT'S FIRST REQUEST FOR INTERROGATORIES

1. State the name, title and precise relationship to the named plaintiff, of the person providing the responses to defendant's interrogatories?

Response:

2. State how much money the named plaintiff named has been paid by the defendant since the disputed account was opened, delineated by principal, interest and specific fees or other charges?

Response:

3. Identify each witness, whether expert or otherwise, plaintiff intends to call at trial. For each witness state:

   (a) The witness's name, address, and occupation;

   (b) The name and address of the firm employing the expert, if any;

   (c) The expert's area of expertise;

   (d) Subject matter upon which the witness is expected to testify;

   (e) Opinions and conclusions expected to be rendered by said witness; and

   (f) The grounds upon which said opinions and conclusions are based.

   (g) Any and all documents upon which said witness will base any testimony offered in this case.

Response:

4. Identify the names, addresses, telephone numbers and titles of any and all persons having personal knowledge of the disputed account at the time said account was opened, and describe in detail the manner in which they obtained such knowledge.

Response:

5. State which specific terms of the purported credit agreement that plaintiff alleges that the defendant breached?

Response:

6. List all agreements the named plaintiff alleges it has entered into with Defendant, including loan, credit and/or arbitration agreements.

Response:

7. State whether the Plaintiff is in possession of the original contract or instrument allegedly signed by the Defendant? If so, please attach a certified copy of both the front and back pages of this document along with your response. If not, explain in detail why not, and the steps that plaintiff has taken to secure the original.

Response:

8. Explain in detail, each step in the origination of defendant's credit card account. Include in your answer the process by which plaintiff's general ledger accounting records are changed to reflect the origination of a credit card account.

Response:

9. Please state what accounting standards and methods plaintiff applies with respect to the disputed account.

Response:

10. Has the interest of the originator of the disputed account been sold, transferred or conveyed since its inception and origination?

Response:

11. Is the disputed account automatically insured against fraudulent use, or must the card holder pay a premium for such protection?

Response:

12. If the answer to the previous question is that the card holder must pay a premium for the insurance, is the premium included in the minimum payment amount, interest payment or annual "membership" fee?

Response:

13. Is the disputed account automatically insured against default, or must the card holder pay a premium for such protection?

Response:

14. If the answer to the previous question is that the card holder must pay a premium for the insurance, is the premium included in the minimum payment amount, interest payment or annual "membership" fee?

Response:

15. Specify the name and function of the computer systems and software used by plaintiff in the production of billing statements and statements of account for the account that is the subject of this cause of action.

Response:

16. Specify the name and function of the computer systems and software used by plaintiff to record and report financial accounting information for the account that is the subject of this cause of action.

Response:

17. State whether plaintiff is suing in contract, or on an account stated basis.

Response:

18. State whether plaintiff made a loan or series of loans to defendant, or to others, on defendant's behalf.

Response:

19. State whether plaintiff paid money to vendors or service providers on behalf of defendant?

Response:

20. State whether the named plaintiff loaned credit to defendant in the disputed account.

Response:

21. List by source and amount or percentage all remuneration or other consideration that the above-named plaintiff has received or will receive in the future from any party from the sale, forwarding, assignment or other transfer of named plaintiff's claims on the disputed account.

Response:

22.  State whether the above-named plaintiff's attorney(s) of record in this case are
     acting pursuant to a limited power of attorney with the named plaintiff

Response:

21.  Please list each change plaintiff made to the interest rate charged to the disputed
     account, during the life of the account.

Response:

22.  Please state whether any interest rate changes described in the previous
     response were applied retroactively to charges made to the disputed account
     prior to the change in interest rates.

Response:

23.  Please list each change plaintiff made to the fees charged to the disputed
     account, during the life of the account.

Response:

24.  Please state whether any fee changes described in the previous response were
     applied retroactively to charges made to the disputed account prior to the
     change in fees.

Response:

23.  Please list each change plaintiff made to the penalties charged to the disputed
     account, during the life of the account.

Response:

24.  Please state whether any penalty changes described in the previous response
     were applied retroactively to charges made to the disputed account prior to the
     change in penalties.

Response:

25.  Please indicate whether plaintiff charged off the disputed account.

Response:

26.  Please indicate whether plaintiff wrote off the amounts claimed herein as "bad
     debt" on its taxes.

Response:

27. Please indicate who the named Plaintiff sold the debt/account to after charge off.

Response:

28. Please indicate the source of the named Plaintiff's authority to operate as a financial institution in the state of California.

Response:

Discovery requested and demanded this 6th day of July, 2007.

Lester N. Jenkins
1215 San Simeon Dr.
Roseville, CA 95661
916-787-1287/mikijared@att.net

**VERIFICATION**

I, _____, do hereby swear under penalties of perjury that I am the person designated by plaintiff to respond to the foregoing interrogatories, and that the answers provided to the interrogatories above are true and correct to the best of my knowledge and belief, and that I have first-hand personal knowledge of each and every answer given.

_____
Date

_____
Witness Signature

_____
Printed Name of Witness

STATE OF _____ )
                     )      JURAT
COUNTY OF _____ )

Subscribed and sworn to before me a notary public this ___ of _____ 20__.

_____
Signature of Notary

CERTIFIED MAIL RECEIPT # 7006 0810 0005 0921 9042

Bank of America
PO Box 60069
City of Industry, CA 91716-0069

October 27, 2006

**RE   NOTICE AND DEMAND FOR VALIDATION AND ADEQUATE ASSURANCE OF
PERFORMANCE – BANK OF AMERICA, ACCOUNT # 4342-4600-0014-9489**

Dear Sir/Madame:

I recently received your recent unsigned communication.   Please regard this
letter as a formal written Notice and Demand to BANK OF AMERICA for validation and adequate
assurance of performance with respect to the above listed account.

In preparation for this Notice and Demand, I have conducted a full and complete investigation into this
matter, and I am of the opinion that BANK OF AMERICA may be in breach of the terms and conditions
of the Credit Card Agreement, by its failure to provide either adequate and valuable consideration, or full
disclosure of the material terms and conditions of the alleged original agreement, including the nature and
extent of any finance charges assessed on the above account.  In addition, I have reason to believe that
your company has failed to properly credit me for all revenues received by you related to this account.  In
the event that the application or other evidence of this account was monetized, securitized and/or sold,
please provide me with certified copies of all underlying documentation regarding said transactions.

This Notice and Demand should not be perceived as a refusal to pay any valid debt.  However, I have
questions regarding the validity of the debt you are alleging in the attached billing statement, and in order
to determine the validity of your presentment, and continue payment on the above-listed account, I will
require certain information to confirm your claim in this matter.  To that end, please forward the attached
affidavit to the appropriate person in your organization for review and execution.  Upon receipt of the
signed, sworn affidavit, I will arrange for payments to resume on the above noted account.  In the event
that you are unable or unwilling to provide me adequate assurance of performance on this account, please
send me a billing statement or other communication indicating a zero balance due on the account.

Please restrict all communications with me regarding this matter to writing, and understand that all
communications, acts or omissions may be used in litigation, including the filing of grievances and the
initiation of investigations at the Federal Trade Commission and other government bodies regarding your
non-compliance with the Fair Credit Reporting Act, Fair and Accurate Credit Transaction Act of 2003,
and other state and federal consumer protection laws.  Your failure to respond to this Notice and Demand
within thirty (30) days will be construed as a waiver of any and all claims regarding the above-listed
account, and will act as a confirmation that no further action will be taken on your part with respect to the
subject account.  Please also take notice that during the pendency of this dispute, no further payments will
be made on the account, and the account cannot be sold, assigned, forwarded or otherwise transferred for
purposes of the collection of a debt.

Respectfully,

Lester N Jenkins

Dispute Letter to
BOA

#10

# AFFIDAVIT

The undersigned Affiant, being duly sworn on oath, and under penalties of perjury, deposes, states and certifies that he/she is authorized to collect the alleged BANK OF AMERICA account # 4342-4600-0014-9489 (hereinafter "alleged account"), and has the requisite knowledge of the facts related to the alleged BANK OF AMERICA promissory note/credit card agreement.

I hereby give assurance that the original creditor and financial institution involved with the alleged extension of credit or loan to the alleged customer Lester N. Jenkins (hereinafter "alleged customer"), followed Generally Accepted Accounting Principles ("GAAP"), as required by law and as indicated by 'BANK OF AMERICA' Certified Public Accountant ("CPA") audit reports, as well as regulatory compliance reports under the Sarbanes-Oxley Act of 2002.

I give further assurance that the original lender/financial institution involved with the alleged loan or funding of charges in the amount of the Promissory Note/Credit Card Agreement did not accept, receive or deposit any money, money equivalent, note, credit or capital from the alleged customer to fund a note, check or similar instrument that was used to originate, finance or fund the charges on the alleged credit card account or Promissory Note.

I give further assurance that all material facts regarding the alleged account have been disclosed in the original alleged Credit Card Agreement or Promissory Note.

I give further assurance that the original Credit Card Agreement or Promissory Note was not altered or forged in any way.

I give further assurance that proper identification processes were followed with respect to the alleged account according to the requirements of the U.S.A. Patriot Act, and I am able to furnish certified copies of all identification documentation from the alleged customer with respect to the alleged account.

I have personal knowledge of the facts and information in this affidavit, WHEREFORE I hereby declare under penalty of perjury under the laws of the state of _____ CA _____ that this affidavit is true, correct and complete and if any statements are willfully false, I am subject to penalty.

Signature of Affiant

STATE OF California )
COUNTY OF Placer ) JURAT

Subscribed and sworn to before me a notary public this 28th of October 2006.

Signature of Notary

CAROL ROE
Commission # 1548215
Notary Public - California
Placer County
My Comm. Expires Feb 26, 2009

**Certified Mail # 7006 0810 0002 7320 5371**

Frederick J. Hanna & Associates, P.C.
1655 Enterprise Way
Marietta, GA  30067

December 22, 2006

## NOTICE OF DISPUTE

**Re: Inquiry:  BANK OF AMERICA CREDIT CARD BANK account no.
4342-4600-0014-9489**

Dear Sir/Madame:

  I am in receipt of your letter demanding payment on the above referenced
account.

  I dispute this debt and refuse to pay it.

Respectfully,

*Lest N. Jenkins*

Lester N. Jenkins

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X *Chalmers*  ☐ Agent  ☐ Addressee <br> B. Received by (*Printed Name*)   C. Date of Delivery <br> *O Chalmers*    *1-3-07* |
| 1. Article Addressed to: <br><br> *Frederick J. Hanna & Associates* <br> *1655 Enterprise Way* <br> *Marietta, GA 30067* | D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:  ☐ No <br><br> 3. Service Type <br> ☒ Certified Mail  ☐ Express Mail <br> ☐ Registered  ☐ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ C.O.D. <br> 4. Restricted Delivery? (*Extra Fee*)    ☐ Yes |
| 2. Article Number <br> (*Transfer from service label*)    7006 0810 0002 7320 5371 | |
| PS Form 3811, February 2004    Domestic Return Receipt | 102595-02-M-1540 |

*Dispute letter to*
*Hanna*

*#11*

**Certified Mail # 7006 0810 0005 0921 9066**

Law Offices of
Harris & Zide
1445 Huntington Dr.
Suite 300
South Pasadena, CA 91030

March 30, 2007

## NOTICE OF DISPUTE

**Re: Inquiry: BANK OF AMERICA, LAW OFFICES OF HARRIS & ZIDE**
**account number 4342-4600-0014-9489**

Dear Sir/Madame:

    I am in receipt of your letter demanding payment on the above referenced
account.

    I dispute this debt and refuse to pay it.

Respectfully,

*Lester N. Jenkins*

Lester N. Jenkins

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☑ Agent / ☐ Addressee<br>B. Received by ( Printed Name )   C. Date of Delivery<br>Angelia  ABR - 2 2007 |
| 1. Article Addressed to:<br>Law Offices of<br>Harris & Zide<br>1445 Huntington Dr.<br>Suite 300<br>South Pasadena, CA 91030 | D. Is delivery address different from Item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| | 3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7006 0810 0005 0921 9066 |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |

*Dispute letter
to ZIDE*

#12



November 17, 2006

Lester N. Jenkins
1215 San Simeon Drive
Roseville, CA 95661

Bank of America Visa® account ending: 9489

Dear Mr. Jenkins:

Your inquiry to Bank of America concerning the above-referenced account was referred to me for reply. I have reviewed our records for your account and have found the following.

The last payment received and posted to your account was on September 19, 2006 in the amount of $90.00. Since that time, additional fees and Finance Charges have been assessed in accordance with the terms and conditions of the Credit Card Agreement. This Bank of America account has not been sold to any other agency. If your account goes further delinquent it may be sold or handled by an outside collection agency.

Mr. Jenkins, account records indicate we have received no prior notice of a dispute or a previous request for confirmation of the accounts ownership. This letter serves as confirmation of your liability for the above-referenced account.

Sincerely,

Taifa Gilmer
Executive Relations Officer
Office of the President

cc: Office of the Comptroller of the Currency, case # 665829

*Dunning letter
from BoA
# 13*

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF _____

I have read the foregoing _____
_____ and know its contents.

### CHECK APPLICABLE PARAGRAPHS

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I am ____ an Officer ____ a partner ____ a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ____ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ____ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____ , at _____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____          _____
Type or Print Name                                Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of LOS ANGELES _____ , State of California.
I am over the age of 18 and not a party to the within action; my business address is: 1445 HUNTINGTON DRIVE, SUITE 300, SOUTH PASADENA, CA  91030

On, 7/23/07 _____ I served the foregoing document described as RESPONSE OF PLAINTIFF BANK OF AMERICA TO DEFENDANT'S FIRST SET OF REQUEST FOR ADMISSIONS

_____ on ALL INTERESTED PARTIES _____ in this action

by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
X  by placing [ X ] the original [   ] a true copy thereof enclosed in sealed envelopes addressed as follows:

LESTER N. JENKINS
1215 SAN SIMEON DR.
RSOEVILLE, CA  95661

X  BY MAIL

[   ] *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

X  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at SOUTH PASADENA _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on 7/23/07 _____ , at SOUTH PASADENA _____ , California.

**(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

X (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
(Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

FLINT C. ZIDE
_____          _____
Type or Print Name                                Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions          Rev. 7/99
& Plus

Plain resp to DEF
first set of Req for
Admission

#14

1 | FLINT C. ZIDE    State Bar No. 160369
LAW OFFICES OF HARRIS & ZIDE
2 | 1445 Huntington Drive, Suite 300
South Pasadena,  CA  91030
3 | (626) 799-8444

4 | Attorney for Plaintiff

5

6

7

8 | SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER

9 | AUBURN BRANCH - LIMITED CIVIL

10

11 | BANK OF AMERICA, N.A.                    )      CASE NO.   MCV27261
                                         )
12 |          Plaintiff                    )      RESPONSE OF PLAINTIFF
                                         )      BANK OF AMERICA TO
13 | vs.                                     )      DEFENDANT'S FIRST SET OF
                                         )      REQUEST FOR ADMISSIONS
14 | LESTER N. JENKINS, ET. AL..            )
                                         )
15 |          Defendant(s)                  )
     _____)

16 | RESPONDING PARTY:   BANK OF AMERICA

17 | PROPOUNDING PARTY:   LESTER N. JENKINS

18 | SET NUMBER:   ONE

19 | COMES NOW PLAINTIFF Bank of America hereinafter referred

20 | to as "responding party" or "plaintiff," and responds as follows to

21 | defendant's First Set of Request for Admissions:

22 | This responding party has responded to all of the request

23 | for production of documents to the extent that information has

24 | become known to it.  However, its discovery and investigation in

25 | preparation for trial of this matter has not been completed as of

26 | the date of this request for production of documents; therefore, it

27 | does not purport to state herein anything more than information

28 | presently known or discovered by it.  Said responding party reserves

1

1   the right to continue discovery and investigation in this matter for

2   facts, witnesses and supporting data that may reveal information,

3   which if it ha been presently within its knowledge, would be

4   included in these responses.  Consequently, to the extent the in the

5   demand for production of documents herein ask for "all acts," the

6   names of "all Persons" or the identity of "all documents," etc.,

7   they are responded to fully insofar as said responding party

8   presently is aware of such data; and said responding party is not

9   precluded from presenting evidence at trial discovered after the

10  date of these responses to the request for admissions.    This

11  preliminary statement is incorporated into each of the responses set

12  forth below.

13  <u>General Objection:</u> Plaintiff objects to these interrogatories

14  because they have not been properly served based on the fact that

15  they were served by a party to this action.   Plaintiff objects

16  because it demands response within 30 days of service of the

17  request.  CCP Section 1013 provides that were a document is served

18  by mail, any duty to make a response shall be increased by 5 days.

19  Without waiving these objections, plaintiff responds as follows:

20  <u>REQUEST FOR ADMISSION 1</u>.  Plaintiff objects to this request because

21  it is vague and ambiguous as to what is meant by "execute" and bi-

22  lateral.  Based thereon, plaintiff responds as follows:  Deny.

23  <u>REQUEST FOR ADMISSION 2</u>.  Deny.

24  <u>REQUEST FOR ADMISSION 3</u>.  Plaintiff objects to this request as vague

25  and ambiguous because the term "general ledger" is not defined.

26  Without waiving this objection, plaintiff responds as follows:

27  Deny.

28  <u>REQUEST FOR ADMISSION 4</u>.  Admit.

2

1  REQUEST FOR ADMISSION 5.  Deny.

2  REQUEST FOR ADMISSION 6.  Plaintiff objects to this request as vague

3  and  ambiguous  because  the  term  "generally  accepted  accounts

4  principals" is not defined.  Plaintiff further objects because this

5  request lacks relevance in that it is not reasonably calculated to

6  lead to the discovery of admissible evidence.  Without waiving these

7  objections, plaintiff responds as follows:  Deny.

8  REQUEST FOR ADMISSION 7.  Deny.

9  REQUEST FOR ADMISSION 8.  Deny.

10  REQUEST FOR ADMISSION 9.  Plaintiff objects to this request because

11  it lacks relevance in that it is not reasonably calculated to lead

12  to the discovery of admissible evidence.  Plaintiff further objects

13  because  this  request  seeks  information  protected  by  attorney -

14  client  privilege.   Without  waiving  these  objections,  plaintiff

15  responds as follows:  Deny.

16  REQUEST FOR ADMISSION 10.  Deny.

17  REQUEST FOR ADMISSION 11.  Deny.

18  REQUEST FOR ADMISSION 12.  Plaintiff objects to this request because

19  it calls solely for a legal opinion.  As such, it is protected by

20  the attorney work product doctrine. Without waiving this objection,

21  plaintiff responds as follows:  Deny.

22  REQUEST FOR ADMISSION 13.  Plaintiff objects to this request because

23  it calls solely for a legal opinion.  As such, it is protected by

24  the attorney work product doctrine. Without waiving this objection,

25  plaintiff responds as follows:  Deny.

26  REQUEST FOR ADMISSION 14.  Plaintiff objects to this request because

27  it calls solely for a legal opinion.  As such, it is protected by

28  the attorney work product doctrine. Without waiving this objection,

3

1  plaintiff responds as follows:  Deny.

2  REQUEST FOR ADMISSION 15.  Plaintiff objects to this request because

3  it calls solely for a legal opinion.  As such, it is protected by

4  the attorney work product doctrine.  Without waiving this objection,

5  plaintiff responds as follows:  Deny.

6  REQUEST FOR ADMISSION 16.  Plaintiff objects to this request because

7  it lacks relevance in that it is not reasonably calculated to lead

8  to the discovery of admissible evidence.  Plaintiff further objects

9  because this request seeks information protected by attorney -

10  client privilege.  Without waiving these objections, plaintiff

11  responds as follows:  Deny.

12  REQUEST FOR ADMISSION 17.  Deny.

13  REQUEST FOR ADMISSION 18.  Plaintiff objects to this request because

14  it lacks relevance in that it is not reasonably calculated to lead

15  to the discovery of admissible evidence.  Without waiving this

16  objection, plaintiff responds as follows:  Admit.

17  REQUEST FOR ADMISSION 19.  Plaintiff objects to this request because

18  it lacks relevance in that it is not reasonably calculated to lead

19  to the discovery of admissible evidence.  Without waiving this

20  objection, plaintiff responds as follows:  Admit.

21  REQUEST FOR ADMISSION 20.  Deny.

22  REQUEST FOR ADMISSION 21.  Deny.

23  REQUEST FOR ADMISSION 22.  Deny.

24  REQUEST FOR ADMISSION 23.  Plaintiff objects to this request because

25  it lacks relevance in that it is not reasonably calculated to lead

26  to the discovery of admissible evidence.  Without waiving this

27  objection, plaintiff responds as follows:  Deny.

28  REQUEST FOR ADMISSION 24.  Plaintiff objects to this request because

4

1  it lacks relevance in that it is not reasonably calculated to lead

2  to the discovery of admissible evidence.   Without waiving this

3  objection, plaintiff responds as follows:  Deny.

4  REQUEST FOR ADMISSION 25.  Plaintiff objects to this request because

5  it calls solely for a legal opinion.  As such, it is protected by

6  the attorney work product doctrine. Without waiving this objection,

7  plaintiff responds as follows:  Deny.

8  REQUEST FOR ADMISSION 26.   Deny.

9  REQUEST FOR ADMISSION 27.  Plaintiff objects to this request because

10 it lacks relevance in that it is not reasonably calculated to lead

11 to the discovery of admissible evidence.  Plaintiff further objects

12 because this request seeks information protected by attorney -

13 client privilege.   Without waiving these objections, plaintiff

14 responds as follows:  Deny.

15 REQUEST FOR ADMISSION 28.   Deny.

16

17 Dated: July 22, 2007

18

19                                    Flint C. Zide
                                      Attorney for Plaintiff
20

21

22

23

24

25

26

27

28

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing <u>RESPONSE OF PLAINTIFF BANK OF AMERICA TO DEFENDANT'S</u>

<u>FIRST SET OF REQUEST FOR ADMISSIONS</u> _____ and know its contents.

### [X] CHECK APPLICABLE PARAGRAPHS

[ ]  I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to
those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]  I am [ ] an Officer [ ] a partner _____ [ ] a _____ of _____

_____ ,
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that
reason. [ ]  I am informed and believe and on that ground allege that the matters stated in the foregoing document are
true.  [ ]  The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are
stated on information and belief, and as to those matters I believe them to be true.

[ X ]  I am one of the attorneys for <u>PLAINTIFF BAKN OF AMERICA</u> _____
a party to this action.  Such party is absent from the county of aforesaid where such attorneys have their offices, and I make
this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that
the matters stated in the foregoing document are true.

Executed on <u>JULY 23, 2007</u> _____ , at <u>SOUTH PASADENA</u> _____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

<u>FLINT C. ZIDE</u> _____     _____
                    Type or Print Name                                      Signature

### PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

_____

On, _____ I served the foregoing document described as _____

_____

_____ on _____ in this action

[ ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[ ] by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as follows:

[ ] BY MAIL

  [ ]  *I deposited such envelope in the mail at _____ , California.
  The envelope was mailed with postage thereon fully prepaid.

  [ ]  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.
  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at
  _____ California in the ordinary course of business.  I am aware that on motion of the
  party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of
  deposit for mailing in affidavit.

  Executed on _____ , at _____ , California.

[ ]  **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

  Executed on _____ , at _____ , California.

[ ] (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ] (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was
        made.

_____          _____
        Type or Print Name                                    Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN
MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
& Plus                Rev. 7/99

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF _____

I have read the foregoing _____

_____ and know its contents.

**CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____ , at _____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____                    _____
Type or Print Name                                              Signature

**PROOF OF SERVICE**
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of LOS ANGELES _____ , State of California.
I am over the age of 18 and not a party to the within action; my business address is: 1445 HUNTINGTON DRIVE, SUITE 300, SOUTH PASADENA, CA 91030

On, 7/23/07 _____ I served the foregoing document described as RESPONSE OF PLAINTIFF BANK OF AMERICA TO DEFENANT LESTER N. JENKINS' FORM INTERROGATORIES
_____ on ALL INTERESTED PARTIES _____ in this action

by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

X by placing ☐X the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

LESTER N. JENKINS
1215 SAN SIMEON DR.
RSOEVILLE, CA 95661

X **BY MAIL**

☐ **I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

☐X As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at SOUTH PASADENA _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on 7/23/07 _____ , at SOUTH PASADENA _____ , California.

** **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

X (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

FLINT C. ZIDE
_____                    _____
Type or Print Name                                              Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions          Rev. 7/99
& Plus

*[handwritten]* Plain Resp to DEF
form Interrogatories
#15

1  FLINT C. ZIDE, State Bar No. 160369
   LAW OFFICES OF HARRIS & ZIDE
2  1445 Huntington Drive, Suite 300
   South Pasadena,  CA  91030
3  (626) 799-8444

4  Attorney for Plaintiff

5

6

7

8            SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER

9                   AUBURN BRANCH - LIMITED CIVIL

10

   BANK OF AMERICA, N.A.            )      CASE NO. MCV27261
11                                  )
                 Plaintiff          )      RESPONSE OF PLAINTIFF
12                                  )      BANK OF AMERICA TO
   vs                               )      DEFENDANT LESTER N.
13                                  )      JENKINS' FORM
   JENKINS, ET. AL.                 )      INTERROGATORIES
14                                  )
                 Defendant(s)       )
15  _____)

16         PROPOUNDING PARTY:     DEFENDANT LESTER N. JENKINS

17         RESPONDING PARTY:      PLAINTIFF BANK OF AMERICA

18         SET NO.:               ONE

19         COMES NOW PLAINTIFF BANK OF AMERICA, hereinafter referred

20  to as "responding party" or "plaintiff," and responds as follows to

21  defendant's First Set of Form Interrogatories:

22         This responding party has responded to all of the Form

23  Interrogatories to the extent that information has become known to

24  it.  However, its discovery and investigation in preparation for

25  trial of this matter has not been completed as of the date of these

26  Form Interrogatories; therefore, it does not purport to state herein

27  anything more than information presently known or discovered by it.

28  Said responding party reserves the right to continue discovery and

                                  1

1   investigation in this matter for facts, witnesses and supporting

2   data that may reveal information, which if it had been presently

3   within its knowledge, would be included in these responses.

4   Consequently, to the extent the in the request for production of

5   documents herein ask for "all acts," the names of "all Persons" or

6   the identity of "all documents," etc., they are responded to fully

7   insofar as said responding party presently is aware of such data;

8   and said responding party is not precluded from presenting evidence

9   at trial discovered after the date of these responses to the Form

10   Interrogatories. This preliminary statement is incorporated into

11   each of the responses set forth below.

12   General Objection: Plaintiff objects to these interrogatories

13   because they have not been properly served based on the fact that

14   they were served by a party to this action. Plaintiff objects

15   because it demands response within 30 days of service of the

16   request. CCP Section 1013 provides that were a document is served

17   by mail, any duty to make a response shall be increased by 5 days.

18   Without waiving these objections, plaintiff responds as follows:

19   INTERROGATORY NO. 101.1: Nicole Gunnell, 1655 Enterprise Way,

20   Marietta, GA 30067 (707)716-9200. Flint C. Zide, Attorney for

21   plaintiff, 1445 Huntington Drive, Suite 300, South Pasadena, CA

22   91030 (626)799-8444.

23   INTERROGATORY NO. 103.1: Bank of America, 4161 Piedmont Parkway,

24   Greensboro, NC 27410. Bank of America is a national bank.

25   INTERROGATORY NO. 112.1: Plaintiff has numerous custodians of

26   records with equal knowledge of the facts. These persons include:

27   Peggy Richardson, Custodian of Records, Bank of America, 4161

28   Piedmont Parkway, Greensboro, NC 27410, (336)805-9350. Nicole

2

1   Gunnell, 1655 Enterprise Way, Marietta, GA  30067 (707)716-9200.

2   INTERROGATORY NO. 112.2: Plaintiff is unaware of any such

3   statements.  Plaintiff's action is based on a contract.  Plaintiff

4   will provide proof based on business records.  Nicole Gunnell, 1655

5   Enterprise Way, Marietta, GA  30067 (707)716-9200 has knowledge of

6   the business records.

7   INTERROGATORY NO. 112.3:   Nicole Gunnell, 1655 Enterprise Way,

8   Marietta, GA  30067 (707)716-9200 has knowledge of the business

9   records.

10  INTERROGATORY NO. 112.4:  Account application, account agreement,

11  billing statements, payments. Nicole Gunnell, 1655 Enterprise Way,

12  Marietta, GA  30067 (707)716-9200 has knowledge of the business

13  records.

14  INTERROGATORY NO. 112.5: Plaintiff is unaware of any such evidence.

15  Plaintiff's action is based on a contract.  Plaintiff will provide

16  proof based on business records.  Nicole Gunnell, 1655 Enterprise

17  Way, Marietta, GA 30067 (707)716-9200 has knowledge of the business

18  records.

19  INTERROGATORY NO.115.1:  Plaintiff objects because a response to

20  this request would require responses in excess of the combination

21  of 35 allowable discovery inquiries under the Economic Litigation

22  rule for Limited Civil Cases. (CCP Section 94.  See _Catanese v._

23  _Superior Court_ (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

24  INTERROGATORY NO.115.2:  Plaintiff objects because a response to

25  this request would require responses in excess of the combination

26  of 35 allowable discovery inquiries under the Economic Litigation

27  rule for Limited Civil Cases. (CCP Section 94.  See _Catanese v._

28  _Superior Court_ (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

3

1  INTERROGATORY NO.115.3:  Plaintiff objects because a response to
2  this request would require responses in excess of the combination
3  of 35 allowable discovery inquiries under the Economic Litigation
4  rule for Limited Civil Cases. (CCP Section 94.  See _Catanese v._
5  _Superior Court_ (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

6  INTERROGATORY NO.150.1:  Plaintiff objects because a response to
7  this request would require responses in excess of the combination
8  of 35 allowable discovery inquiries under the Economic Litigation
9  rule for Limited Civil Cases. (CCP Section 94.  See _Catanese v._
10 _Superior Court_ (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

11 INTERROGATORY NO.150.2:  Plaintiff objects because a response to
12 this request would require responses in excess of the combination
13 of 35 allowable discovery inquiries under the Economic Litigation
14 rule for Limited Civil Cases. (CCP Section 94.  See _Catanese v._
15 _Superior Court_ (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

16 INTERROGATORY NO.150.3:  Plaintiff objects because a response to
17 this request would require responses in excess of the combination
18 of 35 allowable discovery inquiries under the Economic Litigation
19 rule for Limited Civil Cases. (CCP Section 94.  See _Catanese v._
20 _Superior Court_ (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

21 INTERROGATORY NO.150.4:  Plaintiff objects because a response to
22 this request would require responses in excess of the combination
23 of 35 allowable discovery inquiries under the Economic Litigation
24 rule for Limited Civil Cases. (CCP Section 94.  See _Catanese v._
25 _Superior Court_ (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

26 INTERROGATORY NO.150.5:  Plaintiff objects because a response to
27 this request would require responses in excess of the combination
28 of 35 allowable discovery inquiries under the Economic Litigation

4

1   rule for Limited Civil Cases. (CCP Section 94.   See <u>Catanese v.</u>
2   <u>Superior Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.
3   <u>INTERROGATORY NO.150.6</u>:  Plaintiff objects because a response to
4   this request would require responses in excess of the combination
5   of 35 allowable discovery inquiries under the Economic Litigation
6   rule for Limited Civil Cases. (CCP Section 94.   See <u>Catanese v.</u>
7   <u>Superior Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.
8   <u>INTERROGATORY NO.150.7</u>:  Plaintiff objects because a response to
9   this request would require responses in excess of the combination
10  of 35 allowable discovery inquiries under the Economic Litigation
11  rule for Limited Civil Cases. (CCP Section 94.   See <u>Catanese v.</u>
12  <u>Superior Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.
13  <u>INTERROGATORY NO.150.8</u>:  Plaintiff objects because a response to
14  this request would require responses in excess of the combination
15  of 35 allowable discovery inquiries under the Economic Litigation
16  rule for Limited Civil Cases. (CCP Section 94.   See <u>Catanese v.</u>
17  <u>Superior Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.
18  <u>INTERROGATORY NO.150.9</u>:  Plaintiff objects because a response to
19  this request would require responses in excess of the combination
20  of 35 allowable discovery inquiries under the Economic Litigation
21  rule for Limited Civil Cases. (CCP Section 94.   See <u>Catanese v.</u>
22  <u>Superior Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.
23  <u>INTERROGATORY NO.150.10</u>:  Plaintiff objects because a response to
24  this request would require responses in excess of the combination
25  of 35 allowable discovery inquiries under the Economic Litigation
26  rule for Limited Civil Cases. (CCP Section 94.   See <u>Catanese v.</u>
27  <u>Superior Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.
28  <u>INTERROGATORY NO.150.11</u>:  Plaintiff objects because a response to

5

1  this request would require responses in excess of the combination

2  of 35 allowable discovery inquiries under the Economic Litigation

3  rule for Limited Civil Cases. (CCP Section 94.  See <u>Catanese v.</u>

4  <u>Superior Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

5

6

7  Dated: July 23, 2007

8                              FLINT C. ZIDE
                               Attorney for Defendant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              6

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF** LOS ANGELES

I have read the foregoing RESPONSE OF PLAINTIFF BANK OF AMERICA TO DEFENANT LESTER N. JENKINS' FORM INTERROGATORIES _____ and know its contents.

[ X ] **CHECK APPLICABLE PARAGRAPHS**

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I am _____ an Officer _____ a partner _____ of _____

_____ a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. _____ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. _____ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

X   I am one of the attorneys for PLAINTIFF BANK OF AMERICA _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on    JULY 23, 2007 _____ , at SOUTH PASADENA _____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

FLINT C. ZIDE _____            _____
          Type or Print Name                                         Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF**

I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____

_____ on _____ in this action

by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

by placing _____ the original _____ a true copy thereof enclosed in sealed envelopes addressed as follows:

**BY MAIL**

_____ *I deposited such envelope in the mail at _____ , California.

The envelope was mailed with postage thereon fully prepaid.

_____ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

**(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

(State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____            _____
   Type or Print Name                                         Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
& Plus                Rev. 7/99

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF _____
I have read the foregoing _____
_____ and know its contents.

**CHECK APPLICABLE PARAGRAPHS**

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I am __ an Officer __ a partner _____ a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ___ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ___ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____ , at _____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____                    _____
Type or Print Name                                Signature

**PROOF OF SERVICE**
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
I am employed in the county of LOS ANGELES _____ , State of California.
I am over the age of 18 and not a party to the within action; my business address is:  1445 HUNTINGTON DRIVE, SUITE 300, SOUTH PASADENA, CA  91030

On, 7/23/07 _____ I served the foregoing document described as  RESPONSE OF PLAINTIFF BANK OF AMERICA TO DEFENDANT LESTER N. JENKINS' INTERROGATORIES

_____ on ALL INTERESTED PARTIES _____ in this action

by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
X  by placing [ X ] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as follows:
LESTER N. JENKINS
1215 SAN SIMEON DR.
RSOEVILLE, CA  95661

X  BY MAIL
*I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.
[ X ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at SOUTH PASADENA _____ California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on 7/23/07 _____ , at SOUTH PASADENA _____ , California.
**(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.
Executed on _____ , at _____ , California.
X  (State)      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
(Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

FLINT C. ZIDE _____                _____
Type or Print Name                                Signature

*BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus          Rev. 7/99

*Plain Resp to DEF Interrogatories #16*

1   FLINT C. ZIDE, State Bar No. 160369
    LAW OFFICES OF HARRIS & ZIDE
2   1445 Huntington Drive, Suite 300
    South Pasadena,   CA  91030
3   (626) 799-8444

4   Attorney for Plaintiff

5

6

7

8            SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER

9                 AUBURN BRANCH - LIMITED CIVIL

10
    BANK OF AMERICA, N.A.              )      CASE NO. MCV27261
11                                     )
                Plaintiff              )      RESPONSE OF PLAINTIFF
12                                     )      BANK OF AMERICA TO
    vs                                 )      DEFENDANT LESTER N.
13                                     )      JENKINS' INTERROGATORIES
    JENKINS, ET. AL.                   )
14                                     )
                Defendant(s)           )
15   _____)

16          PROPOUNDING PARTY:      DEFENDANT LESTER N. JENKINS

17          RESPONDING PARTY:       PLAINTIFF BANK OF AMERICA

18          SET NO.:                ONE

19          COMES NOW PLAINTIFF BANK OF AMERICA, hereinafter referred

20   to as "responding party" or "plaintiff," and responds as follows to

21   defendant's First Set of Interrogatories:

22          This  responding  party  has  responded  to  all  of  the

23   Interrogatories to the extent that information has become known to

24   it.   However, its discovery and investigation in preparation for

25   trial of this matter has not been completed as of the date of these

26   Form Interrogatories; therefore, it does not purport to state herein

27   anything more than information presently known or discovered by it.

28   Said responding party reserves the right to continue discovery and

                                   1

1   investigation in this matter for facts, witnesses and supporting
2   data that may reveal information, which if it had been presently
3   within its knowledge, would be included in these responses.
4   Consequently, to the extent the in the request for production of
5   documents herein ask for "all acts," the names of "all Persons" or
6   the identity of "all documents," etc., they are responded to fully
7   insofar as said responding party presently is aware of such data;
8   and said responding party is not precluded from presenting evidence
9   at trial discovered after the date of these responses to the Form
10  Interrogatories.   This preliminary statement is incorporated into
11  each of the responses set forth below.

12  General Objection: Plaintiff objects to these interrogatories
13  because they have not been properly served based on the fact that
14  they were served by a party to this action.   Plaintiff objects
15  because it demands response within 30 days of service of the
16  request.   CCP Section 1013 provides that were a document is served
17  by mail, any duty to make a response shall be increased by 5 days.
18  Without waiving these objections, plaintiff responds as follows:

19  INTERROGATORY NO. 1:   Plaintiff objects because a response to this
20  request would require responses in excess of the combination of 35
21  allowable discovery inquiries under the Economic Litigation rule for
22  Limited Civil Cases. (CCP Section 94.   See _Catanese v. Superior_
23  _Court_ (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

24  INTERROGATORY NO. 2:   Plaintiff objects because a response to this
25  request would require responses in excess of the combination of 35
26  allowable discovery inquiries under the Economic Litigation rule for
27  Limited Civil Cases. (CCP Section 94.   See _Catanese v. Superior_
28  _Court_ (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

2

1   INTERROGATORY NO. 3:  Plaintiff objects because a response to this

2   request would require responses in excess of the combination of 35

3   allowable discovery inquiries under the Economic Litigation rule for

4   Limited Civil Cases. (CCP Section 94.  See Catanese v. Superior

5   Court (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

6   INTERROGATORY NO. 4:  Plaintiff objects because a response to this

7   request would require responses in excess of the combination of 35

8   allowable discovery inquiries under the Economic Litigation rule for

9   Limited Civil Cases. (CCP Section 94.  See Catanese v. Superior

10   Court (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

11   INTERROGATORY NO. 5:  Plaintiff objects because a response to this

12   request would require responses in excess of the combination of 35

13   allowable discovery inquiries under the Economic Litigation rule for

14   Limited Civil Cases. (CCP Section 94.  See Catanese v. Superior

15   Court (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

16   INTERROGATORY NO. 6:  Plaintiff objects because a response to this

17   request would require responses in excess of the combination of 35

18   allowable discovery inquiries under the Economic Litigation rule for

19   Limited Civil Cases. (CCP Section 94.  See Catanese v. Superior

20   Court (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

21   INTERROGATORY NO. 7:  Plaintiff objects because a response to this

22   request would require responses in excess of the combination of 35

23   allowable discovery inquiries under the Economic Litigation rule for

24   Limited Civil Cases. (CCP Section 94.  See Catanese v. Superior

25   Court (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

26   INTERROGATORY NO. 8:  Plaintiff objects because a response to this

27   request would require responses in excess of the combination of 35

28   allowable discovery inquiries under the Economic Litigation rule for

3

1  Limited Civil Cases. (CCP Section 94.   See <u>Catanese v. Superior</u>

2  <u>Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

3  <u>INTERROGATORY NO. 9</u>:  Plaintiff objects because a response to this

4  request would require responses in excess of the combination of 35

5  allowable discovery inquiries under the Economic Litigation rule for

6  Limited Civil Cases. (CCP Section 94.   See <u>Catanese v. Superior</u>

7  <u>Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

8  <u>INTERROGATORY NO. 10</u>:  Plaintiff objects because a response to this

9  request would require responses in excess of the combination of 35

10  allowable discovery inquiries under the Economic Litigation rule for

11  Limited Civil Cases. (CCP Section 94.   See <u>Catanese v. Superior</u>

12  <u>Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

13  <u>INTERROGATORY NO. 11</u>:  Plaintiff objects because a response to this

14  request would require responses in excess of the combination of 35

15  allowable discovery inquiries under the Economic Litigation rule for

16  Limited Civil Cases. (CCP Section 94.   See <u>Catanese v. Superior</u>

17  <u>Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

18  <u>INTERROGATORY NO. 12</u>:  Plaintiff objects because a response to this

19  request would require responses in excess of the combination of 35

20  allowable discovery inquiries under the Economic Litigation rule for

21  Limited Civil Cases. (CCP Section 94.   See <u>Catanese v. Superior</u>

22  <u>Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

23  <u>INTERROGATORY NO. 13</u>:  Plaintiff objects because a response to this

24  request would require responses in excess of the combination of 35

25  allowable discovery inquiries under the Economic Litigation rule for

26  Limited Civil Cases. (CCP Section 94.   See <u>Catanese v. Superior</u>

27  <u>Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

28  <u>INTERROGATORY NO. 14</u>:  Plaintiff objects because a response to this

4

1    request would require responses in excess of the combination of 35

2    allowable discovery inquiries under the Economic Litigation rule for

3    Limited Civil Cases. (CCP Section 94.   See <u>Catanese v. Superior</u>

4    <u>Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

5    <u>INTERROGATORY NO. 15</u>:  Plaintiff objects because a response to this

6    request would require responses in excess of the combination of 35

7    allowable discovery inquiries under the Economic Litigation rule for

8    Limited Civil Cases. (CCP Section 94.   See <u>Catanese v. Superior</u>

9    <u>Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

10   <u>INTERROGATORY NO. 16</u>:  Plaintiff objects because a response to this

11   request would require responses in excess of the combination of 35

12   allowable discovery inquiries under the Economic Litigation rule for

13   Limited Civil Cases. (CCP Section 94.   See <u>Catanese v. Superior</u>

14   <u>Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

15   <u>INTERROGATORY NO. 17</u>:  Plaintiff objects because a response to this

16   request would require responses in excess of the combination of 35

17   allowable discovery inquiries under the Economic Litigation rule for

18   Limited Civil Cases. (CCP Section 94.   See <u>Catanese v. Superior</u>

19   <u>Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

20   <u>INTERROGATORY NO. 18</u>:  Plaintiff objects because a response to this

21   request would require responses in excess of the combination of 35

22   allowable discovery inquiries under the Economic Litigation rule for

23   Limited Civil Cases. (CCP Section 94.   See <u>Catanese v. Superior</u>

24   <u>Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

25   <u>INTERROGATORY NO. 19</u>:  Plaintiff objects because a response to this

26   request would require responses in excess of the combination of 35

27   allowable discovery inquiries under the Economic Litigation rule for

28   Limited Civil Cases. (CCP Section 94.   See <u>Catanese v. Superior</u>

                                    5

1  Court (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

2  INTERROGATORY NO. 20: Plaintiff objects because a response to this

3  request would require responses in excess of the combination of 35

4  allowable discovery inquiries under the Economic Litigation rule for

5  Limited Civil Cases. (CCP Section 94. See Catanese v. Superior

6  Court (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

7  INTERROGATORY NO. 21: Plaintiff objects because a response to this

8  request would require responses in excess of the combination of 35

9  allowable discovery inquiries under the Economic Litigation rule for

10  Limited Civil Cases. (CCP Section 94. See Catanese v. Superior

11  Court (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

12  INTERROGATORY NO. 22: Plaintiff objects because a response to this

13  request would require responses in excess of the combination of 35

14  allowable discovery inquiries under the Economic Litigation rule for

15  Limited Civil Cases. (CCP Section 94. See Catanese v. Superior

16  Court (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

17  INTERROGATORY NO. 23: Plaintiff objects because a response to this

18  request would require responses in excess of the combination of 35

19  allowable discovery inquiries under the Economic Litigation rule for

20  Limited Civil Cases. (CCP Section 94. See Catanese v. Superior

21  Court (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

22  INTERROGATORY NO. 24: Plaintiff objects because a response to this

23  request would require responses in excess of the combination of 35

24  allowable discovery inquiries under the Economic Litigation rule for

25  Limited Civil Cases. (CCP Section 94. See Catanese v. Superior

26  Court (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

27  INTERROGATORY NO. 25: Plaintiff objects because a response to this

28  request would require responses in excess of the combination of 35

1   allowable discovery inquiries under the Economic Litigation rule for

2   Limited Civil Cases. (CCP Section 94.  See <u>Catanese v. Superior</u>

3   <u>Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

4   <u>INTERROGATORY NO. 26</u>: Plaintiff objects because a response to this

5   request would require responses in excess of the combination of 35

6   allowable discovery inquiries under the Economic Litigation rule for

7   Limited Civil Cases. (CCP Section 94.  See <u>Catanese v. Superior</u>

8   <u>Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

9   <u>INTERROGATORY NO. 27</u>: Plaintiff objects because a response to this

10  request would require responses in excess of the combination of 35

11  allowable discovery inquiries under the Economic Litigation rule for

12  Limited Civil Cases. (CCP Section 94.  See <u>Catanese v. Superior</u>

13  <u>Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

14  <u>INTERROGATORY NO. 28</u>: Plaintiff objects because a response to this

15  request would require responses in excess of the combination of 35

16  allowable discovery inquiries under the Economic Litigation rule for

17  Limited Civil Cases. (CCP Section 94.  See <u>Catanese v. Superior</u>

18  <u>Court</u> (App 2. Dist 1996) 54 Cal.Rptr.2d 280.

19

20

21  Dated:  July 23, 2007

                                    FLINT C. ZIDE
22                                  Attorney for Defendant

23

24

25

26

27

28

                                    7

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I have read the foregoing <u>RESPONSE OF PLAINTIFF BANK OF AMERICA TO DEFENDANT LESTER</u>
<u>JENKINS' INTERROGATORIES</u> and know its contents.

[X] **CHECK APPLICABLE PARAGRAPHS**

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to
those matters which are stated on information and belief, and as to those matters I believe them to be true.

I am [ ] an Officer [ ] a partner _____ [ ] a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that
reason. [ ] I am informed and believe and on that ground allege that the matters stated in the foregoing document are
true. [ ] The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are
stated on information and belief, and as to those matters I believe them to be true.

X ] I am one of the attorneys for <u>PLAINTIFF BANK OF AMERICA</u>

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make
this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that
the matters stated in the foregoing document are true.

Executed on <u>JULY 23, 2007</u>, at <u>SOUTH PASADNEA</u>, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

<u>FLINT C. ZIDE</u>
    **Type or Print Name**                        **Signature**

### PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF** _____

I am employed in the county of _____, State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____

_____ on _____ in this action

by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as follows:

**BY MAIL**

[ ] *I deposited such envelope in the mail at _____, California.
The envelope was mailed with postage thereon fully prepaid.

[ ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.
Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at
_____ California in the ordinary course of business. I am aware that on motion of the
party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of
deposit for mailing in affidavit.

Executed on _____, at _____, California.

**(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at _____, California.

(State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was
made.

_____              _____
**Type or Print Name**                      **Signature**

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN
MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
& Plus    Rev. 7/99